IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REDBOW NLN and ) | |
| PAMELA J. BOUTWELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:15cv576-MHT |
| ) | (WO) |
| COFFEE COUNTY, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**ORDER and RECOMMENDATION of the MAGISTRATE JUDGE**

Upon consideration of the Motion for Leave to Proceed *in Forma Pauperis* filed by Plaintiffs, it is

ORDERED that the Motion be and is hereby GRANTED. Doc. 2.

In this 42 U.S.C. § 1983 action, Plaintiffs Redbow Nln and Pamela Boutwell complain that Coffee County, Alabama, deprived them of their constitutional rights. Specifically, Plaintiffs challenge decisions of the Circuit Court of Coffee County in *NLN v. Brock & Stout*, CV-2014-11. Upon review of the Complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**DISCUSSION**

All litigants, including those proceeding *pro se*, must comply with the Federal Rules

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

of Civil Procedure. Although the court is required to liberally construe the plaintiffs' pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The complaint is long on rhetoric and short on facts. Although a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* , 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) (quoting *In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

*Financial Sec. Assur., Inc. v. Stephens, Inc*., 500 F.3d 1276, 1282-83 (11th Cir. 2007). *See generally, Powell v. Barrett,* 496 F.3d 1288, 1304 (11th Cir. 2007).

Furthermore, once leave to proceed *in forma pauperis* is granted, section 1915(e)(2) authorizes the court to dismiss a case at any time if it determines that a complaint is frivolous,

malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990).

Plaintiffs' claims against Coffee County are due to be dismissed as frivolous. Section 1983 imposes liability on a local government entity if it deprives a plaintiff of rights protected by the Constitution or federal law pursuant to an official policy. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). In addition, governmental entities cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. *Id*. at 694; *Jernigan v. Montgomery County*, No. 2:09cv552-ID, 2009 WL 2028350, *1 (M.D. Ala. July 10, 2009). Plaintiffs do not sue Coffee County for any policy, practice, or custom that violated their rights. Consequently, the claims against Coffee County are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Furthermore, to the extent Plaintiffs seek declaratory relief from adverse decisions issued or actions taken by the Coffee County Circuit Court in state court proceedings, this court lacks jurisdiction to render such a judgment in an action filed pursuant to 42 U.S.C. §

3

1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiffs from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment). Thus, Plaintiffs' claims are due to be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## CONCLUSION

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that this case should be dismissed

prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 2, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of August, 2015.

                                                  /s/Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES MAGISTRATE JUDGE